# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY MONEYHAM, | : | No. 3:17cv383 |
| Petitioner | : | |
| v. | : | (Judge Munley) |
| | : | |
| | : | (Magistrate Judge Saporito) |
| DAVID EBBERT, | : | |
| Respondent | : | |

## **MEMORANDUM**

Before the court for disposition is the Report and Recommendation (hereinafter "R&R") of Magistrate Judge Joseph F. Saporito, Jr., which suggests that the court deny Anthony Moneyham's habeas corpus petition for failure to exhaust administrative remedies. Petitioner, a pro se prisoner, has objected to the R&R and the matter is ripe for decision.

## Background

No objection to the background facts as set forth in the R&R has been made, therefore, we adopt it as follows:

"Moneyham (hereinafter "petitioner") is a federal inmate serving a 128-month prison sentence for distribution of heroin. He is expected to complete his active prison term in May 2019, at which time he will commence a 60-month period of supervised release.

In his petition, filed pursuant to 28 U.S.C. § 2241, (hereinafter "section 2241"), petitioner challenges two disciplinary decisions finding him guilty of misconduct.

The first disciplinary decision was based on Incident Report No. 2196931, dated August 10, 2011, which charged him with grabbing his crotch and licking his lips when a female officer bent over, and cursing at another officer. Following a hearing before a disciplinary hearing officer ("DHO") on September 16, 2011, petitioner was found guilty of disruptive conduct and being insolent to a staff member, for which he was sanctioned with the disallowance of good conduct time.

The second disciplinary decision was based on Incident Report No. 2244281, dated December 11, 2011, which charged him with threatening a nurse and being insolent to a staff member. Following a hearing before a DHO on April 11, 2013, petitioner was found guilty of threatening bodily harm and being insolent to a staff member, for which he was sanctioned with the disallowance of good conduct time.

Moneyham claims that he was denied the minimum procedural due process rights afforded to inmates in prison disciplinary proceedings. In particular, he claims that he was denied the right to receive a written decision by the DHO with respect to Incident Report No. 2196931, which in turn prevented

2

him from pursuing administrative appeals from the disciplinary sanctions imposed. He further claims that he was denied the right to call witnesses and present documentary evidence in his defense with respect to Incident Report No. 2244281. With respect to both disciplinary proceedings, he claims that he was denied his right to an impartial decision maker. For relief, petitioner seeks an order restoring the good conduct time he lost."
(Doc. 15, R&R at 1-3, citation omitted and minor stylistic changes made).

The R&R concludes that the petitioner did not exhaust required administrative remedies and suggests dismissing the instant habeas corpus action.

**Jurisdiction**

Because this case is brought pursuant to 28 U.S.C. § 2241, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

As noted above, the R&R suggests that the petition be dismissed for failure to exhaust administrative remedies. Although section 2241 does not contain an explicit statutory exhaustion requirement, courts in the Third Circuit have consistently required a petitioner to exhaust his administrative remedies before petitioning for a writ of habeas corpus. Moscato v. Fed. Bur. of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). The Third Circuit requires administrative exhaustion for habeas claims raised under section 2241 because: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and [because] (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Id. at 761-62.

To exhaust the administrative remedies regarding a DHO's decision, a prisoner must first submit an appeal to the Regional Director for the region where the inmate is located at that time. 28 C.F.R. § 542.14(d)(2). Such an appeal is filed by submitting the appropriate form to the Regional Director. 28 C.F.R. §

4

542.15(a). This appeal must be submitted within twenty (20) calendar days from the date of the decision being appealed. Id.

If the inmate is not satisfied with the Regional Director's response, he may next appeal to the Bureau of Prisons' General Counsel. Id. Such an appeal must be made within thirty (30) days of the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final step in the administrative appeals process. Id.

When, "a prisoner has failed to exhaust his administrative remedies" and is precluded from doing so due to time limits, he is said to have procedurally defaulted his claims. Moscato, 98 F.3d at 760. Review of these claims is barred unless the petitioner can establish cause for the default and prejudice. Id. at 761. The Third Circuit has explained that: "For federal prisoners challenging disciplinary proceedings, the initial venue is the administrative process. By applying the cause and prejudice rule to habeas review of administrative proceedings, we insure that prisoners do not circumvent the appropriate agencies and needlessly swamp the courts with petitions for relief." Id.

Here, the record reveals that the administrative proceedings were as follows: Petitioner filed incident reports and had hearings before a DHO on September 16, 2011 and April 11, 2013 regarding his two complaints. Both claims were denied.

He then appealed his DHO hearings in June 2013 by filing a request for an "administrative remedy" with the Regional Director. The administrative remedy request challenged a series of disciplinary hearings held between April and December 2011.[1] The Regional Director rejected petitioner's request for an administrative remedy on June 24, 2013. (Doc. 1, Petition ¶ 1(a)(5)). The director rejected it for the following reasons: 1) it was untimely filed more than twenty days after the disciplinary hearings that it challenged; 2) it appealed multiple incident reports on one form; 3) it lacked specific information about his request; and 4) it failed to identify the specific disciplinary hearing and/or provide the DHO report he was appealing. (Doc. 10-1, Knepper Decl. at ¶ 6).

After this denial, one more step was needed for exhaustion. That is a final appeal to the BOP's General Counsel. The record reveals no such appeal. Accordingly, it appears that petitioner has failed to exhaust his administrative remedies. Because of the time limits in filing appeals to the BOP's General Counsel, petitioner would now be barred from filing the appropriate appeal. His claims are thus procedurally defaulted. As noted above, we cannot address the merits of a procedurally defaulted claim unless the petitioner establishes cause for failure to comply with the procedural requirements and actual prejudice.

---

[1] Evidently, this appeal did not specifically include the incident at issue.

Petitioner claims he made such an appeal on October 20, 2014 and that he received no response from the Office of General Counsel.  (Doc. 16, Petitioner's Obj.)  Thereafter, two and half years later he filed the instant petition for a writ of habeas corpus.

We agree with the Magistrate Judge that the petitioner failed to exhaust his administrative remedies.  It is undisputed that the record does not reveal a final appeal to the Office of General Counsel.  The matter is unexhausted.  If we returned it to petitioner to seek review from the Office of General Counsel, such review would be denied as untimely.  Thus, petitioner has procedurally defaulted his claims.

We can only address the merits of procedurally defaulted claims where the petitioner establishes cause for the default and prejudice from the alleged constitutional violation.  Moscato, 98 F.3d at 761.  "Cause" can be established by demonstrating that "some objective factor external to the [petitioner's] defense impeded [his] efforts to comply with [a] procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Construing petitioner's objections liberally[2], we find that he asserts cause existed for his failure to timely appeal.  He states that he provided his appeal to prison officials for mailing, but out of retaliation they failed to mail it.

---

[2] We must liberally construe a document filed pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

7

(Doc. 16, Objections at 2). We find this explanation does not amount to "cause" for petitioner's untimely appeal. Even if we accept it as true, the petitioner indicates that he provided the appeal for mailing on October 20, 2014. (Id.) By this time, however, the petitioner's appeal was already untimely – by many months. The decision that petitioner needed to appeal was issued on June 24, 2013. (Doc. 1, Petition ¶ 1(a)(5)). Petitioner had thirty (30) days to appeal. 28 C.F.R. § 542.15(a). He admittedly mailed the appeal over a year later on October 20, 2014. Petitioner has not established cause for this delay.

Moreover, he has not established any prejudice. His complaints were denied for numerous evidently valid reasons –1) it was untimely filed more than twenty days after the disciplinary hearings that it challenged; 2) it appealed multiple incident reports on one form; 3) it lacked specific information about his request; and 4) it failed to identify the specific disciplinary hearing and/or provide the DHO report he was appealing. (Doc. 10-1, Knepper Decl. at ¶ 6). Petitioner does not argue, or provide any evidence, that any of these reasons for denial of his complaints is invalid.

Accordingly, petitioner has not established cause and prejudice so as to allow us to address the merits of his procedurally defaulted claims. We will adopt the magistrate judge's R&R and deny his petition for a writ of habeas corpus. An appropriate order follows.

8

**BY THE COURT:**

**Date: April 23, 2109**      **s/ James M. Munley**
    **JUDGE JAMES M. MUNLEY**
    **United States District Court**